Filed 3/11/14  P. v. McKinley CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TERRY SHERVON MCKINLEY,<br><br>    Defendant and Appellant. | B253306<br><br>(Los Angeles County Super. Ct.<br> No. NA035157) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive director, and Richard B. Lennon, Staff Attorney, under appointments by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Terry Shevron McKinley appeals from the order of the Los Angeles County Superior Court denying his petition to recall his sentence under the three strikes law pursuant to Penal Code section 1170.126.[1] The trial court denied the petition on the basis of McKinley's prior conviction for attempted murder renders him ineligible for relief under section 1170.126.

This court appointed counsel to represent McKinley on appeal. On February 20, 2014, appointed counsel filed a brief raising no issues, asking this court to independently review the record for arguable appellate contentions under *People v. Wende* (1979) 25 Cal.3d 436. McKinley was advised of his right to file a supplemental brief within 30 days. He filed a letter brief with the court, seeking relief on the basis his attempted murder prior conviction occurred in 1984, he has not engaged in violence since that conviction, his prison record is good, he has no gang issues, and he has served 16 years on his current commitment.

We have completed our independent review of the record. Our review of the record reveals no arguable contentions on appeal.

McKinley was committed to state prison in 1998 for sale of a controlled substance in violation of Health and Safety Code section 11352, subdivision (a). Because he had suffered two prior serious or violent felony convictions, he was sentenced to state prison pursuant to the three strikes law. His exact sentence is not stated in the record on appeal, but presumably it was at least 25 years to life in prison.

Section 1170.126 affords an inmate serving a sentence under the three strikes law an opportunity to petition the trial court for a reduction in sentence. However, the statute is expressly inapplicable to an inmate with a prior conviction for "any attempted homicide offense." (§§ 667, subd. (e)(2)(C)(iv)(IV), 1170.126, subd. (e)(3).) Because McKinley has a prior conviction for attempted murder, the superior court correctly determined he is ineligible, as a matter of law, for relief under section 1170.126.

---

[1] All statutory references are to the Penal Code, unless otherwise stated.

The judgment is affirmed.  (*Smith v. Robbins* (2000) 528 U.S. 259.)


KRIEGLER, J.


We concur:


MOSK, Acting P. J.


MINK, J.[*]

---

[*]    Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.